IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRUCE J. MEADE and
TIFFANY A. MEADE, his wife,

        Plaintiffs,

v.                                                    Civil No.2:13-cv-51

SCHLUMBERGER TECHNOLOGY
CORPORATION, a Texas Corporation,

        Defendant.

## **ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Compel Discovery Responses filed on January 16, 2014.[1] Defendant filed a response to Plaintiffs' motion on January 30, 2014,[2] and Plaintiffs filed a reply on February 3, 2014.[3] On February 7, 2014, this Court held an evidentiary hearing and argument on the motion. Plaintiffs appeared by Robert V. Berthold, Esq., and Defendant appeared by Johnnie E. Brown. Both appearances were by telephone. No additional evidence or testimony was presented at the hearing. At the conclusion of the hearing, the Court granted in part Plaintiffs' Motion to Compel.

### II. DISCUSSION

Unless limited by court order, the scope of discovery is governed by Federal Rule of Civil

---

[1] Dkt. No. 17.

[2] Dkt. No. 21.

[3] Dkt. No. 22.

1

Procedure 26(b)(1) which states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). In the discovery context, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Thus, parties in a civil action enjoy broad discovery, and "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

If a party believes that a discovery request exceeds this broad scope of allowable discovery, it may object, but "the party resisting discovery has the burden of clarifying, explaining and supporting its objections." *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.Co.*, No. 05-CV-41, 2006 U.S. Dist. LEXIS 68744**,** at *1, *17 (N.D.W.Va. Sept. 21, 2006). "The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 293 (N.D.W.Va. 2004). These boilerplate objections to discovery requests are highly disfavored in the Fourth Circuit. *See e.g.*, *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W.Va. 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D.W.V. 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354 (D. Md. 2008) (courts disapprove of a general objection asserted "to the extent" that it applies). Most importantly, "[f]ailure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections." *Mills,*

259 F.R.D. at 132.

Here, Plaintiffs contend that Defendant's discovery responses include improper objections and incomplete answers. Specifically, Plaintiffs seek an order compelling Defendant to completely and fully respond to Requests for Production of Documents 5, 7, 9, 11, 13, 15, 18, 20, and 21, and Interrogatories 2, 4, 6, 7, 11, and 15. Defendant contends that its objections to Plaintiffs' discovery requests are warranted and that it otherwise fully responded to the discovery requests at issue. Additionally, Defendant asserts that several of the documents Plaintiffs seek to discover are protected by the attorney-client privilege or the work product doctrine. Plaintiffs' discovery requests, and Defendant's responses, can be grouped into four categories: (1) statements taken by Defendant relating to Plaintiffs' accident; (2) past personal injury litigation involving Defendant; (3) Defendant's policies and procedures; and (4) personnel files of Defendant's supervisory employees. The Court will address each area in turn.

*A. Witness Statements (Interrogatory 2 & Request for Production 5)*

Plaintiffs' discovery requests and Defendant's responses are as follows:

> **Interrogatory 2**: Give the substance of all statements given to or taken by or on behalf of Defendant from any person, including parties, relating to Bruce Meade's accident on July 25, 2011, and any/all subsequent investigations, and identify the person giving each such statement by name, address, and telephone number.
>
> **Response**: Objection. Such information is subject to the attorney/client privilege doctrine. Without waiving the objection and preserving the same, no statements were taken or any investigations conducted prior to the Defendant anticipating litigation. Any and all statements subsequently taken are protected and confidential by the attorney work product doctrine.
>
> **Request for Production 5**: Produce a copy of any and all statements obtained by any individuals identified in Interrogatories 2 and 5.

> **Response**: Objection. Such information is subject to the attorney/client privilege doctrine. Without waiving the objection and preserving the same, the Defendant has no documents responsive to this request.

Plaintiffs assert that Defendant failed to provide any of the information required by a party claiming privilege under Local Rule of Civil Procedure 26.04(a) and Federal Rule of Civil Procedure 26(b)(5). As a result, Plaintiffs cannot adequately determine whether the information is privileged. Defendant contends that it "cannot be compelled to produce any information on a privilege log" because disclosing the identities of the individuals with whom Defendant's counsel spoke could potentially reveal case strategy, which is privileged.

In diversity cases, the Court applies West Virginia law to issues involving attorney client privilege and federal law to issues involving the work product doctrine. *Nicholas v. Bituminous Cas. Co.*, 235 F.R.D. 325, 329 n. 2 (N.D.W.Va. 2006). Under West Virginia law, there are three elements required for assertion of the attorney client privilege: "(1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from the attorney in his capacity as a legal advisor; (3) the communication between the attorney and client must be intended to be confidential." *State ex rel. Med. Assur. of W. Va., Inc. v. Recht*, 213 W.Va. 457, 466, 583 S.E.2d 80, 89 (2003). The work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3), which provides in pertinent part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." F.R.Civ.P. 26(b)(3)(A). Thus, the three required elements for applicability of the work product doctrine are "(1) that the material consists of documents or tangible things, (2) which were prepared in anticipation of litigation or for trial, and (3) by or for another

party or its representatives which may include an attorney, consultant, surety, indemnitor, insurer or agent." Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 536, 542 (N.D.W.Va.2000) (quoting Suggs v. Whitaker, 152 F.R.D. 501, 505 (M.D.N.C.1993).

The party asserting either attorney client privilege or the work product doctrine bears the burden of establishing its applicability. *Miller v. Pruneda*, 2004 WL 3951292 at *2 (N.D.W.Va. Nov. 5, 2004); *State ex. rel. United States Fid. and Guar. Co. v. Canady*, 194 W.Va. 431, 460 S.E.2d 677, 684 (W.Va.1995). A party cannot carry this burden with general allegations or blanket assertions that the privilege should apply. *Shaffer v. Northwestern Mut. Life Ins. Co.*, 2006 WL 2432110 at *2 (N.D.W.Va. Aug. 21, 2006). "When a party withholds information otherwise discoverable by claiming the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." F.R.Civ.P. 26(b)(5)(A). This district's local rules require the party asserting a privilege to provide more information on a privilege log. Local Rule 26.04(a)(2) states:

> (i) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure including, but not limited to, a deposition, and an answer is not provided on the basis of such assertion:
>
> > (A) The attorney asserting the privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted; and
> >
> > (B) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1) For documents:

 (a) the type of document, e.g., letter or memorandum

 (b) the general subject matter of the document;

 (c) the date of the document; and

 (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(2) For oral communications:

 (a) the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

 (b) the date and place of communication; and

 (c) the general subject matter of the communication.

L.R.Civ.P. 26.04(a)(2). The advisory committee notes to Rule 26(b)(5) of the Federal Rules of Civil Procedure make clear that failure to comply with the rule may constitute a waiver of privilege. When a party files a boiler plate objection, refuses to comply with the rule and the Court finds the request is not patently improper, finding waiver of privilege is appropriate. *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 662 (D.Colo.2000).

 In light of the foregoing standards, Defendant's responses demonstrate a blatant disregard

for both the Federal and Local Rules of Civil Procedure. Defendant's blanket assertions that the information requested is privileged utterly fail to provide any information that would allow Plaintiffs to assess whether the privilege applies. For example, Defendant asserts that information responsive to interrogatory 2 is protected by the attorney client privilege, but refuses to identify the identity of the parties involved in the conversations, the people present during the conversations, or the nature of the communications. Similarly, Defendant baldly asserts that all statements were taken subsequent to the Defendant anticipating litigation, but refuses to provide Plaintiffs with the dates that the statements were taken so that Plaintiffs can assess whether the work product doctrine applies.

The Court finds that Defendant's boilerplate objections and refusal to provide a privilege log constitutes a willful and intentional violation of the Local and Federal Rules of Civil Procedure. Accordingly, Defendant's objections are waived and stricken. Plaintiffs' motion with respect to Interrogatory 2 and Request for Production 5 is **GRANTED**. Defendant shall respond to these requests with all statements taken prior to the date this lawsuit was filed.

*B. Past Personal Injury Litigation (Interrogatory 4 & Request for Production 7)*

Plaintiffs' discovery requests and Defendant's responses are as follows:

> **Interrogatory 4**: Has Defendant been a party to any civil action in any Court within the last five years related to personal injury claims at its US facilities. Provide style of case, the county of filing, the attorneys of record, and a description of the subject matter.
>
> **Response**: This interrogatory is overly broad in time and scope and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Without waiving the objection and preserving the same, the Defendant could provide information relative to contractor injuries relating the offloading of cement at that district within a reasonable time frame not to exceed 5 years.

> **Request for Production 7**: Provide a copy of Complaints for all lawsuits referenced in Defendant's Answer to Interrogatory No. 4.
> **Response**: This request is overly broad in time and scope and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to that objection and if the scope can be narrowed, please see answer to interrogatory No. 4.

Although Plaintiffs assert that Defendant's objections lack merit, they offered to further limit the scope of these requests to personal injury claims leading to civil litigation involving Defendant's U.S. facilities during the last five years which arose from injuries sustained during the loading/unloading of cement and/or the process of pumping a sample into a Schlumberger silo. Defendant contends that the scope should be further narrowed to include only information about such litigation involving its facilities in the Northeast District because laws are substantially different in other parts of the United States. However, at the hearing, Defendant's counsel was unable to provide the Court with the states making up the Northeast District. As a result, the Court is unable to assess whether these discovery requests should be so limited. The Court **ORDERED** Defendant to file a listing of states within the Northeast District by February 11, 2014. Once the Court is in receipt of that information, it will make a determination as to the scope of these requests.

*C. Policies and Procedures (Interrogatories 6, 7, 11, 15 & Requests for Production 9, 11, 13, 15, 18, 21)*

In response to all of the above listed discovery requests, Defendant either partially or totally withheld information "subject to execution of an 'Agreed Protective Order.'" The parties informed the Court that have since agreed on a protective order, however Plaintiffs note that they have not yet received supplemental responses. At the hearing, Defendant acknowledged that responses were still outstanding, but indicated that the information is still being gathered. Accordingly, Plaintiffs'

Motion with respect to Interrogatories 6, 7, 11, 15 and Requests for Production 9, 11, 13, 15, 18, 21 is **GRANTED**. Defendant shall respond to these requests by February 21, 2014.

*D. Personnel Files (Request for Production 20)*

> **Request for Production 20**: Please provide a copy of the personnel files for any and all Schlumberger employees who performed supervisory duties July 25, 2011 at the time of Bruce Meade's accident.
>
> **Response**: Objection. This request for production of documents is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as this Defendant employees over 100,000 people, many of whom performed supervisory roles at the time of the alleged accident.

Plaintiffs offered to further limited this request to only those employees performing supervisory roles at Defendant's Weston, WV facility who worked on July 25, 2011. Defendant objects to disclosure of any personnel files, citing privacy concerns. The Court finds that the information requested is relevant. Moreover, any privacy concerns are allayed by the protective order submitted by the parties. Accordingly, the Court **GRANTED** Plaintiffs' motion with respect to request for production 20. Defendant shall produce all personnel files for employees performing supervisory roles at Defendant's Weston, WV facility who worked on July 25, 2011. Defendant may redact financial information and social security numbers. Defendant may also redact health information except for information relating to mental and physical disabilities that could affect the employee's ability to do the job.

### III. REASONABLE EXPENSES

Plaintiffs have submitted that they are seeking reasonable expenses, including attorney's fees, for the prosecution of the motion to compel. Federal Rule of Civil Procedure 37 provides that if a "[m]otion for an Order Compelling Disclosure or Discovery . . . is granted in part and denied in part, the court may . . . , after giving an opportunity to be heard, apportion the reasonable expenses

for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Rule being permissive in nature, the Court finds that reasonable expenses are warranted. Using the same factors in Rule 37(a)(5)(A), *see Morris v. Lowe's Home Ctrs., Inc.*, 2012 U.S. Dist. LEXIS 153759 (M.D.N.C. Oct. 30, 2012), the Court finds that Plaintiffs attempted to resolve the dispute with Defendant without seeking court intervention, and that Defendant's nondisclosure or objections are not substantially justified. Plaintiffs have until February 21, 2014, to submit an affidavit regarding these expenses. Defendant will then have seven (7) days to file a response. The Court will give Defendants an opportunity to be heard on the granting of attorneys' fees and reasonable expenses on Monday, March 10, 2014, at 1:30 p.m.

## IV. CONCLUSION

Plaintiffs' Motion is **GRANTED IN PART**. Defendant is **ORDERED** to respond to Plaintiff's discovery requests within fourteen [14] days of the date of this Order, unless directed otherwise by this Order. The Court will determine the scope of interrogatory 4 and request for production 7 once it is in receipt of the information Defendant is to file with the Court. Plaintiffs shall submit a financial affidavit by February 21, 2014.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: February 10, 2014 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE