IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRUCE J. MEADE and
TIFFANY A. MEADE, his wife,

        Plaintiffs,

v.                                                  Civil No.2:13-cv-51

SCHLUMBERGER TECHNOLOGY
CORPORATION, a Texas Corporation,

        Defendant.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL

On February 10, 2014, the undersigned issued an Order confirming the pronounced order of the Court granting in part Plaintiffs' Motion to Compel Discovery.[1] In the Order, the undersigned noted that it was unable to determine the proper scope of two of Plaintiffs' discovery requests. Specifically, with regard to interrogatory 4[2] and request for production 7[3], the Order stated:

> Although Plaintiffs assert that Defendant's objections lack merit, they offered to further limit the scope of these requests to personal injury claims leading to civil litigation involving Defendant's U.S. facilities during the last five years which arose from injuries sustained during the loading/unloading of cement and/or the process of pumping a sample into a Schlumberger silo. Defendant contends that the scope should be further narrowed to include only information about such litigation involving its facilities in the Northeast District because laws are substantially different in other parts of the United States. However, at the hearing, Defendant's counsel was unable to provide

---

[1] Dkt. No. 25.

[2] Interrogatory 4: Has Defendant been a party to any civil action in any Court within the last five years related to personal injury claims at its US facilities. Provide style of case, the county of filing, the attorneys of record, and a description of the subject matter?

[3] Request for Production 7: Provide a copy of Complaints for all lawsuits referenced in Defendant's Answer to Interrogatory No. 4.

> the Court with the states making up the Northeast District. As a result, the Court is unable to assess whether these discovery requests should be so limited. The Court **ORDERED** Defendant to file a listing of states within the Northeast District by February 11, 2014. Once the Court is in receipt of that information, it will make a determination as to the scope of these requests.

On February 11, 2014, Defendant filed the listing of states as ordered.[4] According to Defendant's filing, the states in the Northeastern District are: (1) West Virginia; (2) Pennsylvania; (3) Ohio; and (4) New York.

Although the scope of discovery is broad, it is not limitless, and the Court has "great flexibility to order only that discovery that is reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37-38 (D.Md. 2000); *see also McDougal-Wilson v. Goodyear Tire & Rubber Co*., 232 F.R.D. 246, 249 (E.D.N.C.2005) (finding Plaintiffs' discovery requests to be overly broad and limiting their scope geographically and temporally to protect Defendant from oppression and undue burden and expense). Here, the Court agrees that the scope of discovery into prior civil actions should be geographically limited to the Northeastern District. The geographic limitation is broad enough to ensure Plaintiffs' receive the information they need and narrow enough to ensure that Defendant is not overly burdened in responding.

Accordingly, Plaintiffs' Motion to Compel (Doc. 17) with respect to Request for Production 7 and Interrogatory 4 is **GRANTED IN PART**. Defendant shall respond to the requests with information about civil actions in any Court within the last five years related to person injury claims at Defendant's facilities in the Northeastern District. Defendant is **ORDERED** to respond as directed by this Order within fourteen [14] days of the date of this Order. The Court also notes that

---

[4]Dkt. No. 26.

in its previous order, Plaintiffs were directed to file an affidavit of reasonable expenses by February 21, 2014. As of the date of this Order, Plaintiffs have not filed an affidavit. Accordingly, the portion of the Order Granting in Part Plaintiffs' Motion to Compel Discovery (Doc. 25) scheduling a hearing on reasonable expenses for March 10, 2014, at 1:30 p.m. is **VACATED**.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: February 27, 2014　　　　　　　　　　/s/ *James E. Seibert*
　　　　　　　　　　　　　　　　　　　　　　JAMES E. SEIBERT
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE